**Walter Mateo LEMUS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75526.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

Jorge I. Rodriguez–Choi, Esquire, San Francisco, CA, for Petitioner.

Walter Manning Evans, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Walter Mateo Lemus, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Mateo Lemus does not contend he suffered past persecution. Substantial evidence supports the IJ's denial of asylum because Mateo Lemus failed to establish a well-founded fear of future persecution. *See Aruta v. INS*, 80 F.3d 1389, 1393–96 (9th Cir.1996) (fear of future persecution not objectively reasonable where applicant was never directly threatened or harmed and lived openly in the zone of danger for two years). Because Mateo Lemus did not establish asylum eligibility, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1396.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.